## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
## NORTHERN DIVISION

**RETRO METRO, LLC.,**
**LEROY WALKER, individually and**
**as partner of RETRO METRO, LLC.,**
**SOCRATES GARRETT, individually**
**and as partner of RETRO METRO, LLC., and**
**HOWARD CATCHINGS individually**
**and as partner of RETRO METRO, LLC.,**                                    **PLAINTIFFS**



SOUTHERN DISTRICT OF MISSISSIPPI
**F I L E D**

**SEP 1 4 2023**

ARTHUR JOHNSTON
BY_____ DEPUTY

**VS.**                                                   CAUSE NO.: *3:23-CV-592-TSL-MTP*

**CITY OF JACKSON by and through its CITY COUNCIL**
**MAYOR CHOKWE ANTAR LUMUMBA, individually**
**and in his official capacity,**
**VERNON HARTLEY, individually and in his official capacity,**
**BRIAN GRIZZELL, individually and in his official capacity, and**
**VIRGI LINDSAY individually and in her official capacity,**
**and JOHN DOES #I - V**                                   **DEFENDANTS**

### COMPLAINT

### Plaintiffs Demands Trial by Jury

NOW INTO COURT come the Plaintiffs, Retro Metro, LLC., Leroy Walker, individually and as partner of Retro Metro, LLC., Socrates Garrett, individually and as partner of Retro Metro, LLC., and Howard Catchings individually and as partner of Retro Metro, LLC., and file this their Complaint against Defendants City of Jackson by and through its City Council, Mayor Chokwe Antar Lumumba individually and in his official capacity, Vernon Hartley, individually and in his official capacity, Brian Grizzell, individually and in his official capacity, and Virgi Lindsay individually and in her official capacity herein, and in support thereof, state the following:

### I. PARTIES

1.    Plaintiff RETRO METRO, LLC., is a Mississippi resident corporation doing business and incorporated under the laws of the State of Mississippi.

1

2.      Plaintiff Leroy Walker is an adult resident citizen of Jackson, Hinds County, Mississippi and a partner of Retro Metro, LLC.

3.      Plaintiff Socrates Garrett is an adult resident citizen of Jackson, Hinds County, Mississippi and a partner of Retro Metro, LLC.

4.      Plaintiff Howard Catchings is an adult resident citizen of Jackson, Hinds County, Mississippi and a partner of Retro Metro, LLC.

5.      Defendant CITY OF JACKSON, Mississippi (hereinafter "the City") is a municipality and a political subdivision of the State of Mississippi existing under the laws of the State of Mississippi. The City may be served with personal service upon the City Municipal Clerk, Angela Harris, at 219 South President Street, Jackson, Mississippi 39205. At all material times, Defendant City acted through its City Council and through the individual Defendants named herein, individually, and in their capacity as members of the Jackson City Council.

6.      Defendant Mayor CHOKWE ANTAR LUMUMBA, individually and in his official capacity, is an adult resident citizen of the state of Mississippi, ostensibly residing in the City of Jackson, Hinds County, Mississippi. At all material times, Defendant Lumumba is the Elected Mayor of the City of Jackson, vested with the responsibility and authority to supervise, set, adopt, implement, and enforce policies and procedures and to provide governmental services to the citizens of Jackson, Mississippi through, among other means, contracting with individuals and entities on behalf of the City of Jackson to provide such services. Defendant Lumumba is sued individually and in his official capacity as the mayor of the City of Jackson. Defendant Lumumba may be served with process by personal service in accordance with Rule 4 of the Federal Rules of Civil Procedure and Rule 4 of the Mississippi Rules of Civil Procedure. Said Defendant, at times material hereto, was acting under color of state law in his official capacity as a Member of the City Council of Jackson, Mississippi, and actions of Defendant Lumumba were done and

2

performed under the color and pretense of the ordinances, regulations, policies, customs, and usages of the City of Jackson, Mississippi, and the State of Mississippi.

7.    Defendant VERNON HARTLEY, individually and in his official capacity, is an adult resident citizen of the state of Mississippi, ostensibly residing in the City of Jackson, Hinds County, Mississippi. At all material times, Defendant Hartley is an elected member of the Jackson City Council, vested with the responsibility and authority to supervise, set, adopt, implement, and enforce policies and procedures and to provide governmental services to the citizens of Jackson, Mississippi through, among other means, contracting with individuals and entities on behalf of the City of Jackson to provide such services. Defendant Hartley is sued individually and in his official capacity as a member of the Jackson City Council. Defendant Hartley may be served with process by personal service in accordance with Rule 4 of the Federal Rules of Civil Procedure and Rule 4 of the Mississippi Rules of Civil Procedure. Said Defendant, at times material hereto, was acting under color of state law in his official capacity as a Member of the City Council of Jackson, Mississippi, and actions of Defendant Hartley were done and performed under the color and pretense of the ordinances, regulations, policies, customs, and usages of the City of Jackson, Mississippi, and the State of Mississippi.

8.    Defendant BRIAN GRIZZELL, individually and in his official capacity, is an adult resident citizen of the state of Mississippi, ostensibly residing in the City of Jackson, Hinds County, Mississippi. At all material times, Defendant Grizzell is an elected member of the Jackson City Council, vested with the responsibility and authority to supervise, set, adopt, implement, and enforce policies and procedures and to provide governmental services to the citizens of Jackson, Mississippi through, among other means, contracting with individuals and entities on behalf of the City of Jackson to provide such services. Defendant Grizzell is sued individually and in his official capacity as a member of the Jackson City Council. Defendant Grizzell may be served with process by personal service in accordance with Rule

3

4 of the Federal Rules of Civil Procedure and Rule 4 of the Mississippi Rules of Civil Procedure. Said Defendant, at times material hereto, was acting under color of state law in his official capacity as a Member of the City Council of Jackson, Mississippi, and actions of Defendant Grizzell were done and performed under the color and pretense of the ordinances, regulations, policies, customs, and usages of the City of Jackson, Mississippi, and the State of Mississippi.

9.    Defendant VIRGI LINDSAY, individually and in her official capacity, is an adult resident citizen of the state of Mississippi, ostensibly residing in the City of Jackson, Hinds County, Mississippi. At all material times, Defendant Lindsay is an elected member of the Jackson City Council, vested with the responsibility and authority to supervise, set, adopt, implement, and enforce policies and procedures and to provide governmental services to the citizens of Jackson, Mississippi through, among other means, contracting with individuals and entities on behalf of City of Jackson to provide such services.  Defendant Lindsay is sued individually and in her official capacity as a member of the Jackson City Council. Defendant Lindsay may be served with process by personal service in accordance with Rule 4 of the Federal Rules of Civil Procedure and Rule 4 of the Mississippi Rules of Civil Procedure. Said Defendant, at times material hereto, was acting under color of state law in her official capacity as a Member of the City Council of Jackson, Mississippi, and actions of Defendant Lindsay were done and performed under the color and pretense of the ordinances, regulations, policies, customs, and usages of the City of Jackson, Mississippi, and the State of Mississippi.

10.    Defendants John Does I - V are individuals who are elected officials with and/or employed by the Jackson City Council, Jackson, Mississippi, or one or more other political subdivisions of the state of Mississippi. The identity of John Does I - V is not known to Plaintiffs at this time. John Does I - V are sued in both their individual and official capacities as elected officials and/or employees of each such political subdivision, John Does I - V on information and belief, are adult resident citizens of Hinds

4

County, Mississippi, whose residence addresses are unknown to Plaintiffs. Said Defendants may be served with process when their identity and address become known to Plaintiffs. Defendant City of Jackson, Mississippi is liable for the wrongful acts, omissions, and conduct of its employees and elected officials, and John Does I - V who are City of Jackson officials or employees. Defendants John Does I - V, at times material hereto, were acting under color of state law in their official capacities as elected officials and/or employees of each such political subdivision, and actions of said Defendants were done and performed under the color and pretense of the ordinances, regulations, policies, customs, and usages of Defendant City of Jackson, Mississippi, the state of Mississippi and/or any such political subdivision associated with any such Defendant.

11.     The individual Defendants named herein acted under color of the laws, statutes, ordinances, regulations, policies, customs, and usages of the state of Mississippi, Hinds County, Mississippi, and pursuant to their authority as officers, agents, employees, and representatives of Defendant City of Jackson Mississippi and the state of Mississippi.

## II. JURISDICTION

12.     This action is brought pursuant to 42 U.S.C. § 1983, 42 U.S.C. § 1988 and the Fifth and Fourteenth Amendments to the United States Constitution, and pursuant to state law. The Court has jurisdiction over this action under 42 U.S.C. § 1983, 28 U.S.C. § 1343, and 28 U.S.C. § 1331. This Court has supplemental jurisdiction over the state law claims pursuant to 28 U. S C § 1367.

13.     This is an action arising under Title 42 U.S.C. § 1981 and Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991, 42 U.S.C. § 2000(e), alleging discrimination based on race and retaliatory actions directed toward Plaintiffs by the Defendants City of Jackson, Mississippi et al. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343.

## III. VENUE

14.    Venue is appropriate in this Court pursuant to 28 U.S.C. Section 1391(b).

## IV. FACTS

### A.  The City of Jackson Lease agreement with Retro Metro, LLC

15.    On or about the 4th day of April, 2011, Defendant City of Jackson, Mississippi leased from the Plaintiff Retro Metro, LLC., certain property otherwise known as The Belk Building which is situated and contained wholly within the Metrocenter Mall located in Hinds County, Mississippi. The property was leased for the purposes of the City maintaining office complexes and other administrative facilities doing business for the City of Jackson. A copy of the signed lease agreement is attached hereto as Exhibit "A" and incorporated herein as if written in full.

16.    The term of the lease agreement was fixed, and commenced on April 4, 2011, and was to run for *twenty years* (20) to terminate on March 30, 2032.  The Lease primary term of twenty years is authorized by Mississippi Code Ann. Section §31-8-3.

17.    Section 3.8 of the Lease grants the City an option to purchase as follows: "The Landlord grants to the Tenant the right to purchase the Premises upon expiration of the primary term at a price equal to the unpaid balance at such time." This provision satisfies the statutory prerequisite set forth in Mississippi Code Ann. Section § 31-8-5.

18.    Further The Mississippi Supreme Court, the United States Court of Appeals for the Fifth Circuit, and the Attorney General have all recognized that lease purchase agreements complying with the Code provisions set forth above are binding on successor governing boards.  The controlling legal principle is set forth in *Northeast Mental Health – Mental Retardation Commission v. Cleveland*, 187 So.3d 601 (Miss. 2016). The court stated: "Under the common law in Mississippi, governing bodies, whether they be elected or appointed, may not bind their successors in office by contract, unless expressly authorized by law, because to do so would take away the discretionary rights and powers conferred by

law upon successor governing bodies...The law provides that these types of contracts are voidable at the discretion of the successor governing body." *Id.* at 604 (case citations omitted). In addressing whether the Commission's statutory authority to lease and contract allowed it to enter into leases for 99 years, the court found:

> Our Legislature has granted many public entities the authority to enter into contracts and lease agreements. And the Legislature also has taken further steps by granting specific entities the power to enter into long-term agreements that exceed their governing members' terms. For example, the Legislature expressly has authorized state institutions of higher learning to enter into long-term leases that do not exceed thirty-five years. Miss. Code Ann. § 37-101-41 (Rev. 2014). Airport authorities may enter into leases not to exceed fifty years. Miss. Code Ann. § 61-5-11 (Rev. 2013). *Section 31-8-3 of the Mississippi Code permits counties and municipalities to enter into lease agreements for facilities not exceeding twenty years.* . . . .

19.    Additionally, In *Teeuwissen v. Hinds County, Mississippi*, 2023 WL 5200322 (5th Cir. Aug. 14, 2023), the Fifth Circuit addressed the termination of a one-year term lawyer employment contract by a successor board of supervisors three months after contract execution by the predecessor board. The court construed the applicable statute authorizing the board "to employ counsel by the year" as express statutory authority sufficient to bind a successor board. In so finding, the court relied on the above *Cleveland* decision, emphasizing *Cleveland's* provision of *"examples* of the kinds of 'express' language that can authorize a local government to bind successors" which included the above recognition of Code § 31-8-3. *Id.,* at *4 (emphasis by court).

20.    The Attorney General has repeatedly affirmed that a local governing board's execution of a lease purchase agreement which complies with the applicable provisions of Code §§ 31-8-1 to 31-8-13 binds successor boards. *See Clayton*, Op. No. 2004-0329, 2004 WL 1833088 (Miss. A.G. July 28, 2004) (affirming binding effect of 20-year term but finding 99-year term voidable; "Section 31-8-3 authorizes counties to enter into a lease with any corporation...under which the county or municipality may agree to lease a facility for use by the lessor for any of the following purposes for a primary term not to exceed

7

twenty (20) years."); *Norquist*, Op. No. 2007-00491, 2007 WL 3356861 (Miss. A.G. Sept. 28, 2007) (Citing *Clayton*, "while, generally, a municipality may not enter into any lease that would bind any successor municipal administrations, Section 31-8-3 provides that such a lease may be for a primary term not to exceed twenty (20) years"); *Perkins*, Op. No. 2013-00187, 2013 WL 3874217 (Miss. A.G. June 14, 2013) (finding lease purchase agreement binding on successor board and citing *Clayton* and *Norquist*: "With respect to 'lease purchase agreements', a municipality has specific statutory authority, in accordance with Section 31-8-3, to enter into such agreements…for a primary term not to exceed twenty (20) years.").

21. On or about July 18, 2023, at a regularly scheduled meeting of the Jackson City Council, a Motion was made by Defendant Hartley and seconded by Defendant Grizzell the Jackson City Council voted 3-1 with 3 abstentions to terminate the Lease agreement with Plaintiff Retro Metro, LLC. A copy of the minutes of the July 18, 2023, meeting of the Jackson City Council is attached as Exhibit "B" and incorporated herein as if written in full.

22. On or about August 11, 2023, the City sent written notice to Plaintiff Retro Metro, LLC, that it was terminating the lease. A copy of the written notice is attached hereto as Exhibit "C" and incorporated herein as if written in full.

23. Defendant City of Jackson has not made the agreed upon lease payments and has been delinquent since August 1, 2023.

24. At all times relevant herein the individual Defendant Mayor Lumumba was the elected Mayor of the City of Jackson, Mississippi, and was acting in his individual capacity and in his official capacity as an elected official and/or employee of the Defendant, City of Jackson, Mississippi

25. At all times relevant herein the individual Defendants, Hartley, Grizzell, and Lindsay, were elected City Council persons of the Defendant City of Jackson, Mississippi, who were acting in their

8

individual capacities and in their official capacities as elected officials and/or employees of the Defendant, City of Jackson, Mississippi.

26.    At all times relevant herein the individual Defendants, Hartley, Grizzell, Lindsay, and John Does I - V, were acting in their individual capacities and pursuant to an official policy of the Defendant, City of Jackson, Mississippi. At all material times, the individual Defendants, Hartley, Grizzell, Lindsay, and John Does I - V acted under color of state law in terminating the Lease agreement and depriving Plaintiffs of a constitutionally protected property interest in the contractual benefits.

27.    At all material times, Retro Metro, LLC., had a vested, constitutionally protected property right and interest in the contracts and performance of the contracts by Defendants created from, recognized by, and protected through Mississippi state substantive contract law. At all material times, Plaintiffs had a legitimate claim of entitlement to the benefits of Plaintiffs' bargains, the performance of the contracts by Defendants.

28.    Plaintiffs' property interest in the contracts created and protected by state law was and is constitutionally protected.

29.    Plaintiffs were deprived of its constitutionally protected property interests under circumstances that were constitutionally deficient, and the procedures attendant upon the deprivations were not constitutionally sufficient.

30.    As Plaintiffs had a recognized and protected property interest in the contracts and contract benefits associated with the Lease agreement, Plaintiffs were entitled to procedural due process prior to and related to any deprivation of Plaintiffs' protected property interests .

31.    A fundamental and essential principle of due process is that a deprivation of a property interest be preceded by notice, and an opportunity for a hearing before the deprivation. At no time prior to the Defendants' termination of the lease agreement were Plaintiffs afforded any constitutionally required notice or opportunity to be heard or for a hearing.

32.    Notwithstanding that Defendants, Mayor Lumumba, Hartley, Grizzell, and Lindsay had (a) actual knowledge of the terms and conditions of the contracts (b) actual knowledge of the legal obligations imposed on the City of Jackson and its City Council as a result of entering into the contracts (c) actual knowledge of Plaintiffs' constitutionally protected property interest in the performance of the contracts by Defendants, and (d) actual and/or imputed knowledge of constitutional substantive and procedural due process requirements, Defendants, Mayor Lumumba Hartley, Grizzell, Lindsay and the City of Jackson, without proper notice under the contracts, without affording Plaintiffs any opportunity to be heard or for a pre-deprivation hearing, while acting under color of state law, intentionally and/or deliberately terminated the contracts and failed to perform the contracts, thereby depriving Plaintiffs of its constitutionally protected property interests and constitutionally protected due process rights and causing such deprivation and damages.

33.    Defendants' conduct unconstitutionally deprived Plaintiffs of a constitutionally protected right to due process and a property interest in violation of constitutional procedural and/or substantive due process protections, causing Plaintiffs' damages.

## V. CAUSES OF ACTION

### Count I - Deprivation of Constitutional Rights
### Cognizable under 42 U.S.C. § 1983 and 42 U.S.C. § 1988

34.    Plaintiffs incorporates herein Paragraphs 1. through 33. above as if reproduced in full.

35.    At all times, Plaintiffs were vested with constitutional rights and protections under the United States Constitution, and amendments thereto, including, but not limited to, substantive and procedural due process rights under the Fifth and Fourteenth Amendments to the United States Constitution to pre-deprivation notice and hearing rights and to their property.

36.    By and through the conduct of Defendants herein, Plaintiffs were deprived of its constitutional rights, and, as a result thereof, suffered injury, loss of property, and financial damages.

37.    Specifically, and in support of such claims, Plaintiffs would show that at all times material hereto, Defendants were vested with the state authority and non-delegable responsibility and duty of adhering to, complying with, and enforcing the laws of the United States of America and the State of Mississippi. Consequently, while acting under color of state law, Defendants commenced to implement a policy, custom, usage or practice wherein the rights of Plaintiffs were violated causing deprivation of due process rights and property interests.

38.    Specifically, the Defendants engaged in a course of conduct that resulted in a violation of Plaintiffs' rights to the protection of the laws of the United States of America, the Fifth and Fourteenth Amendments to the Constitution of the United States of America and the corresponding provisions of the Constitution of the State of Mississippi, the right to procedural and substantive due process of law pursuant to the Fifth and Fourteenth Amendments to the United States Constitution.

39.    The constitutional violations complained of include, but are not limited to:

- failing to provide pre-deprivation notice to Plaintiffs as required by the Lease agreement and the constitution, violating rights secured by the United States Constitution and 42 U. S. C. § 1983;

- failing to provide a pre-deprivation hearing or right to be heard;

- intentionally, deliberately, arbitrarily, and capriciously terminating the Lease agreement in violation of Plaintiffs' constitutional rights and the terms of the lease agreement;

- intentionally, deliberately, arbitrarily, and capriciously failing to pay to Plaintiffs' amounts due Plaintiffs under the Lease agreement according to the terms of the lease agreement, regardless of the ostensible termination of the lease agreement;

- acting with deliberate indifference and reckless disregard of Plaintiffs' property interests protected by the United States Constitution and 42 U. S. C. § 1983.

11

40.    Defendants' deprivation of identifiable civil rights including Plaintiffs' due process rights and property interests, resulted in a deprivation that was sufficiently serious wherein the Defendants acted deliberately, and/or intentionally, by willful indifference and/or intentional acts designed and intended to cause and causing the deprivations.

41.    Such acts of the individual Defendants, Mayor Lumumba, Hartley, Grizzell, and Lindsay were committed under color of law and under each individual's authority as an elected official, officer, agent, and/or employee of the City of Jackson, and were deliberate, intentional, and committed with deliberate indifference to Plaintiffs' constitutionally protected property interest and due process rights. As a result, Plaintiffs were deprived of its property interest, in violation of the Fifth and Fourteenth Amendments to the Constitution of the United States of America and 42 U. S.C. § 1983.

42.    The individual Defendants' acts were not random, and the deprivations were not the result of random, unauthorized conduct, but rather the individual Defendants' conduct constituted an abuse of their broadly delegated, uncircumscribed power to effect the deprivations complained of herein.

43.    Alternatively, the acts and/or omissions of the individual Defendants herein were performed under the color and pretense of the ordinances, regulations, policies, customs, and usages of the City of Jackson, Mississippi. At times relevant, Defendants, Mayor Lumumba, Hartley, Grizzell, Lindsay and John Does I - V. as elected officials, employees of the City of Jackson and as the Mayor and members of the Jackson City Council were acting under the direction and control of and for Jackson, Mississippi, which acted through its agents and employees who were responsible for making policy for the City of Jackson, Mississippi, The Mayor's Office, its City Council members and operations, Defendants, Lumumba, Hartley, Grizzell, Lindsay and John Does I – V. were acting pursuant to either official policy or the practice, custom, and usage of the City. At no time did there exists a reasonable relationship between any such ordinances, regulations, policies, customs, and usages of the City of

12

Jackson, Mississippi, and any legitimate governmental interest.

44.     Plaintiffs' resulting injuries and damages were also directly and proximately caused by the following intentional, deliberate and/or deliberately indifferent acts and omissions of the Defendants and/or their agents or employees including, but not limited to:

a.     The failure of Defendant City of Jackson, by and through its agents, employees, and servants, to monitor, direct, and supervise the policies and procedures of their supervisors, officers, agents, employees or servants, thus depriving members of the public, including Plaintiffs, of their rights under the United States and Mississippi Constitutions;

b.     The failure of Defendant City of Jackson to properly and adequately train their supervisors, officers, employees, and agents on the Jackson City Council to promulgate and enforce rules and regulations regarding the manner and techniques for the control, supervision, and training of their employees; thus, depriving members of the public, including Plaintiffs, of their rights under the United States and Mississippi Constitutions.

c.     The failure of Defendant City of Jackson to establish and/or enforce proper and appropriate procedures and regulations which would have controlled or governed the actions of its supervisors, officers, agents, and/or employees under the circumstances outlined in this Complaint; thus, depriving members of the public, including Plaintiffs, of their rights under the United States and Mississippi Constitutions.

d.     The failure of Defendants, Mayor Lumumba, Hartley, Grizzell, Lindsay and John Doe I - V Defendants to adequately supervise the actions of officers, agents, and/or employees under the circumstances outlined in this Complaint; thus, depriving members of the public, including Plaintiffs, of its rights under the United States and Mississippi Constitutions.

e.     The intentional, deliberate and/or deliberately indifferent acts and omissions of Defendants

13

constituted policies that evidence a clear violation of and deliberate indifference to the rights of Plaintiffs under the United States and Mississippi Constitutions.

45.    Acting under color of law, by and through the policy-makers of the City and pursuant to official policy or custom and practice, the City intentionally, knowingly, deliberately and with deliberate indifference to the rights of the inhabitants of the City and Plaintiffs failed to instruct, supervise, train, control, and/or discipline, on a continuing basis, Defendants, Mayor Lumumba, Hartley, Grizzell, Lindsay, and John Does I - V. in the performance of their duties to prevent the injuries and damages to Plaintiffs, and to prevent violation of the rights and privileges of citizens guaranteed by the Constitution and laws of the United States and the laws of the State of Mississippi; and to prevent deprivations of citizens constitutional and statutory rights, privileges and immunities.

46.    The City had knowledge of or, had it diligently exercised its duties to instruct, train, supervise, control, and discipline on a continuing basis, should have had knowledge that the wrongs that were done, as hereto before alleged, or other unlawful or unconstitutional acts, were going to be committed. Defendant City of Jackson had power to prevent or aid in preventing the commission of said wrongs, could have done so, and intentionally, knowingly, or with deliberate indifference to the rights of the inhabitants of the City and Plaintiffs failed or refused to do so.

47.    Defendant City of Jackson, directly or indirectly, under color of law, approved or ratified the unlawful, deliberate, arbitrary, and capricious conduct of Defendants, Mayor Lumumba, Hartley, Grizzell, Lindsay and John Does I - V, as heretofore described.

48.    Defendants' acts are violative of 42 U.S.C. § 1983, 42 U.S.C. § 1988 and/or the Fifth and Fourteenth Amendments to the United States Constitution. As a result of such acts, Plaintiffs sustained damages as set forth herein and are entitled to compensation and entry of judgment against Defendants.

### Count II - Breach of Contract

14

49. Paragraphs 1. through 48. above are incorporated herein as if reproduced in full.

50. At the time Defendant City of Jackson on the one hand, and Plaintiffs Retro Metro, LLC. on the other hand, agreed to the terms and conditions of the written lease agreement, an agreement was formed whereby Plaintiffs Retro Metro, LLC. on the one hand, and Defendant City of Jackson, its City Council, and/or one or more individual Defendants on the other hand, entered into a contractual relationship. By entering into this contractual relationship, Defendants became imposed with contractual obligations to honor the terms and conditions of the contracts, including the obligation to pay to Plaintiffs all amounts owed under the lease agreement.

51. By and through Defendants acts and omissions as set forth herein, Defendants breached such lease agreement.

52. As a result of Defendants' breach of lease agreement, Plaintiffs suffered injury and damages as set forth herein.

## Count III - Vicarious Liability

53. Paragraphs 1. through 52. are incorporated herein as though reproduced in full.

54. At times, Defendants, Mayor Lumumba, Hartley, Grizzell, Lindsay and John Does I - V, acted in the course and scope of their employment and under the direction and control of Defendant City of Jackson, Mississippi. Defendant City of Jackson is therefore liable and responsible for the acts, omissions and damages caused by Defendants, Mayor Lumumba, Hartley, Grizzell, Lindsay and John Does I - V, under theories of vicariously liability, *respondeat superior*, employee/employer liability, agent/principal liability, and other common law and statutory impositions of vicarious liability.

## B. Discrimination

55. Paragraphs 1. through 54. are incorporated herein as though reproduced in full.

56. Upon information and belief, the real reason the Lease agreement was terminated by

Defendants was because the current owners of Retro Metro, LLC., are African American in violation of his rights under 42 U.S.C. § 1981, Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000(e).

57.    While in the process of unlawfully terminating the lease agreement between Retro Metro and the City, of Jackson, Defendants sought out and signed rental agreements to lease space from white/majority owned companies who provided the exact same leased space as the Plaintiffs.  It is undisputed that during the relevant time period Retro Metro, LLC., was and is a minority owned and operated company.

58.    The effect of the unlawful practices and actions of Defendants complained of in the Paragraphs stated above have been to deprive Plaintiffs of it economic interests and opportunities and otherwise adversely affect Plaintiffs' status as because of their race.

59.    The effect of the unlawful policies and actions of Defendants complained of in the Paragraphs stated above were intentional and were done with Malice or with reckless indifference to the federally protected rights of Plaintiffs.

## COUNT IV - RACE DISCRIMINATION - DISPARATE IMPACT

60.    The allegations set forth in paragraph 1 through 59 above are incorporated herein as if fully reproduced.

61.    The Defendant's practice of treating white owned companies more favorably than minority African American owned companies, is an unlawful practice prohibited by Title 42 U.S.C. §2000 (e). Such practices have a disparate impact on African Americans, including the Plaintiffs.

## COUNT V - RACE DISCRIMINATION - DISPARATE TREATMENT

62.    The allegations set forth in paragraphs 1. through 62. above are incorporated herein as if fully reproduced.

63.    Plaintiffs are members of a protected class who was and is qualified for to lease space to

16

the City of Jackson and received treatment different from that afforded to other similarly situated business because of Plaintiffs' status as a minority owned business.  The acts committed by the Defendant were knowing, willful and intentional violations of Plaintiffs' rights guaranteed under the Title VII of the Civil Rights Act of 1964.  Such unlawful practices violate 42 U.S.C. § 2000 (e-3) and Title 42 U.S.C. § 1981.

## VI. DAMAGES

64.    The allegations of Paragraphs 1. through 63. are incorporated herein as if reproduced in full.

65.    Plaintiffs would show that Defendants are liable to Plaintiffs for all actual and compensatory, incidental and consequential, damages, including, but not limited to, the following, to-wit: Plaintiffs are entitled to compensatory damages for the breach of contracts, including an award of all amounts due and payable Plaintiffs under the lease agreement and other such damages to be determined by the jury, in an amount to be determined by the fact-finder or jury in this action; in addition to damages including, but not limited to, attorneys fees, pre-judgment interest on all such amounts, and costs. Plaintiffs seeks all other relief, either general or specific, as the Court and jury may deem appropriate.

## VII. DECLARATORY JUDGMENT ACTION AND EQUITABLE RELIEF

66.    The allegations of Paragraphs 1. through 65. are incorporated herein as if reproduced in full.

67.    Pursuant to FED. R. CIV. P. 57, Plaintiffs request that this Court declare that the practices. polices, rules and customs complained of in this Complaint are unlawful in that they violate the constitutional rights of citizens. Injunctive relief requiring Defendants to honor and abide by all the terms and conditions of the lease agreement between the City and Retro Metro, LLC. All costs of court including reasonable attorney's fees when and if counsel is engaged, and expenses incurred in the prosecution of this cause pursuant to 42 U.S.C. § 2000e-5(k);

17

68.     Further, Plaintiffs request that this Court enter its Order to permanently enjoin the Defendants and their agents, officers, and employees from engaging in all practices found by this Court to be in violation of the Constitution of the United States of America and or discriminatory, and order that Defendants adopt and implement a comprehensive system to safeguard against constitutional violations, illegal conduct or discriminatory, including implementation of a system designed to prevent against the future occurrence of such acts as complained of herein, and to protect citizens from like constitutional violations in the future, and to require Defendants to submit a plan to this Court outlining the steps it will take to prevent such future conduct and to comply with the Orders of this Court.

69.     Further, Plaintiffs request that pursuant to FED. R. CIV. P. 57 (Declaratory Judgments) that this Court declare the rights, status, and other legal relations by and between Plaintiffs and Defendant City of Jackson with respect to the Lease agreement, including, but not limited to, the effective term of such contracts and the amounts due Plaintiffs under the lease agreement.

WHEREFORE, PREMISES CONSIDERED, Plaintiffs request that the Court will take jurisdiction over this cause and, after hearing the evidence, will award all relief due Plaintiffs as set forth herein, including but not limited to the following:

(i)     declare that the practices, polices, rules and customs complained of in this Complaint are unlawful and discriminatory in that they violate the constitutional rights of citizens and Plaintiffs;

(ii)    permanently enjoin the Defendants and their agents, officers, and employees from engaging in all practices found by this Court to be in violation of the Constitution of the United States of America, and order that Defendants adopt and implement a comprehensive system to safeguard against constitutional violations and illegal conduct, including implementation of a system designed to prevent against the future occurrence of such acts as

complained of herein, and to protect citizens from like constitutional violations in the future, and to require Defendants to submit a plan to this Court outlining the steps it will take to prevent such future conduct and to comply with the Orders of this Court;

(iii)   order that the Defendants pay Plaintiffs a sum in excess of $75,000 as compensatory damages arising from the aforesaid misconduct of Defendants as set forth herein, and enter judgment against Defendants and in favor of Plaintiffs in an amount in excess of $75,000, or in such amount as found due and owing by the jury and/or this Court;

(iv)   Compensatory damages in the form of emotional pain, suffering, inconvenience, mental anguish, and other nonpecuniary losses as permitted by Sections 102(b)(3) of the Civil rights Act of 1991;

(v)   Punitive damages in an amount to be determined at trial for Defendants' intentional discriminatory conduct conducted with malice, or in the alternative, with reckless indifference to Plaintiffs' federally protected right to be free from retaliation and discrimination;

(vi)   retain jurisdiction over this action to ensure full compliance with the Court's orders and require the Defendants to file such reports as the Court deems necessary to evaluate such compliance;

(vii)   order the Defendants to pay Plaintiffs' costs and expenses, including expert witness fees and reasonable attorney's fees, and prejudgment interest on all amounts found due and owing, including, but not limited to, those attorneys' fees found properly awardable pursuant to 42 U.S.C. § 1988(b), and 42 U.S.C. § 2000e-5(k)and;

(viii)   grant such other and further relief, of either an equitable or legal nature, to the Plaintiffs as the Court deems just and proper.

Respectfully submitted this the 14th day of September, 2023.

**RETRO METRO, LLC., PLAINTIFFS**

/s/ S. Malcolm O. Harrison

S. Malcolm O. Harrison, Esq.
*ATTORNEY FOR PLAINTIFFS*

Of Counsel:

S. Malcolm O. Harrison, Esq. MSB# 9965
ATTORNEY AT LAW
P.O. Box 483
Jackson, Mississippi, 39205-0483
601-948-5030
malcolm.harrison@malcolmharrisonlawoffice.com