UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

RETRO METRO, LLC.,
LEROY WALKER, INDIVIDUALLY AND
AS PARTNER OF RETRO METRO, LLC.,
SOCRATES GARRETT, INDIVIDUALLY
AND AS PARTNER OF RETRO METRO,
LLC., AND HOWARD CATCHINGS
INDIVIDUALLY AND AS PARTNER
OF RETRO METRO, LLC.                                    PLAINTIFFS

VS.                        CIVIL ACTION NO.: 3:23-CV-592-TSL-MTP

CITY OF JACKSON BY AND
THROUGH ITS CITY COUNCIL
MAYOR CHOKWE ANTAR LUMUMBA,
INDIVIDUALLY AND IN HIS OFFICIAL
CAPACITY, VERNON HARTLEY, INDIVIDUALLY
AND IN HIS OFFICIAL CAPACITY,
BRIAN GRIZZELL, INDIVIDUALLY AND IN
HIS OFFICIAL CAPACITY, AND VIRGI
LINDSAY INDIVIDUALLY AND IN HER
OFFICIAL CAPACITY, AND JOHN DOES #I-V          DEFENDANTS


MEMORANDUM OPINION AND ORDER

     This cause is before the court on the motion of plaintiffs
Retro Metro, LLC, and Leroy Walker, Socrates Garrett and Howard,
individually and as partners of Retro Metro, LLC, for partial
summary judgment pursuant to Rule 56 of the Federal Rules of
Civil Procedure.  Defendant City of Jackson, by and through its
City Council, Mayor Chokwe Antar Lumumba, individually and in
his official capacity as Mayor, and Vernon Hartley, Brian
Grizzell and Vergi Lindsay, individually and in their official
capacities as members of the Jackson City Council, have

1

responded in opposition to the motion.  The court, having considered the memoranda of authorities, together with attachments, submitted by the parties, concludes the motion should be denied.

As is clear from the numerous authorities cited in plaintiffs' opening brief, it is no defense to plaintiffs' breach of contract claim that the lease agreement in question was executed by a predecessor City Council.  Defendants are correct that the general rule in Mississippi is that "[o]ne city council cannot legally adopt a resolution binding a successor administration on discretionary matters."  Biloxi Firefighters Assn., 810 So. 2d 589, 595 (Miss. 2002).  However, the Mississippi Supreme Court has recognized that the legislature has "grant[ed] specific entities the power to enter into long-term agreements that exceed their governing members' terms," including Mississippi Code Annotated Ann. § 31-8-3, which "permits counties and municipalities to enter into lease agreements for facilities not exceeding twenty years." Northeast Mental Health – Mental Retardation Comm. v. Cleveland, 187 So. 3d 601 (Miss. 2016).  See Miss. Code Ann. § 31-8-3 ("The counties and municipalities of this state, acting by and through the governing authorities thereof, are hereby authorized and empowered to enter into lease agreements with any corporation, partnership, limited partnership, joint venture or individual

under which the county or municipality may agree to lease a facility for use by the lessor for [specified purposes] for a primary term not to exceed twenty (20) years."). See Clayton, Op. No. 2004-0329, 2004 WL 1833088 (Miss. A.G. July 28, 2004) (affirming binding effect of 20-year term but finding 99-year term voidable based on Section 31-8-3); Norquist, Op. No. 2007-00491, 2007 WL 3356861 (Miss. A.G. Sept. 28, 2007) (citing Clayton, and stating that "while, generally, a municipality may not enter into any lease that would bind any successor municipal administrations, Section 31-8-3 provides that such a lease may be for a primary term not to exceed twenty (20) years"); Perkins, Op. No. 2013-00187, 2013 WL 3874217 (Miss. A.G. June 14, 2013) (finding lease purchase agreement binding on successor board and citing Clayton and Norquist, and stating, "With respect to 'lease purchase agreements', a municipality has specific statutory authority, in accordance with Section 31-8-3, to enter into such agreements…for a primary term not to exceed twenty (20) years."). However, while the lease may not be terminable on that basis, plaintiffs are not correct that defendants have identified no other potentially viable legal or factual basis for termination of the subject lease agreement.

Under Mississippi law,

A party who has breached a contract may not ...
maintain a suit for breach of contract against the

3

other party." <u>Snow Lake Shores Prop. Owners Corp. v.</u>
<u>Smith</u>, 610 So. 2d 357, 361 (Miss. 1992); <u>see</u> <u>also</u>
<u>Brent v. Corbin</u>, 252 Miss. 464, 471, 173 So. 2d 430,
433 (1965) ("A party to a contract who is himself in
default cannot maintain a suit for its breach.").  In
addition, "[i]t is well established that a party's
material breach of a bilateral contract excuses
further performance by the other party."  <u>Favre Prop.</u>
<u>Mgmt. LLC v. Cinque Bambini</u>, 863 So. 2d 1037, 1044
(¶20) (Miss. Ct. App. 2004).  "A breach is material
when there is a failure to perform a substantial part
of the contract or one or more of its essential terms
or conditions, or if there is such a breach as
substantially defeats its purpose, or when the breach
of the contract is such that upon a reasonable
construction of the contract, it is shown that the
parties considered the breach as vital to the
existence of the contract."  <u>UHS-Qualicare Inc. v.</u>
<u>Gulf Coast Cmty. Hosp. Inc.</u>, 525 So. 2d 746, 756
(Miss. 1987) (citations and quotation marks omitted)

<u>Kanza Constr., Inc. v. Kansas City Southern Railways Co</u>, 311

So.3d 1246, 1251 (Miss. Ct. App. 2021).  <u>See also</u> <u>Watkins Dev.</u>

<u>v. Jackson Redevelopment Auth.,</u> 283 So.3d 170, 175 (Miss. 2019)

(quoting 52 <u>CJS Landlord and Tenant</u> § 189 (2019))("A tenant's

right to possession may not be conditioned on perfect

performance of the lease but may be forfeited only upon a

material breach or a violation of a substantial

obligation....");  <u>Full House Resorts, Inc. v. Boggs & Poole</u>

<u>Contracting Group, Inc.,</u> Civ. Action No. 1:14-CV-223-KS-MTP,

2016 WL 9138052, at *2 (S.D. Miss. Feb. 29, 2016) (a party

"cannot ... seek to enforce a contractual provision in a

contract that it breached first.").  As defendants have alleged

and presented adequate proof that plaintiffs committed what

could be found to be material breaches of the lease agreement,
it is ordered that plaintiffs' motion is denied.

SO ORDERED this 3rd day of May, 2024.


/s/ Tom S. Lee
UNITED STATES DISTRICT JUDGE